Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

FILED _____ LODGED
_____ RECEIVED _____ COPY

FEB - 5 2025

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

for the

District of Arizona

Division

Jim Munene

*Plaintiff(s)*

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

Kristi Noem
Secretary
Department of Homeland Security

*Defendant(s)*

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. **CV-25-00050-TUC-CKJ**

*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☒ Yes ☐ No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I.    The Parties to This Complaint

**A.    The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Jim Munene |
| Street Address | 425 Bernini Avenue |
| City and County | Sierra Vista, Cochise County |
| State and Zip Code | 425 Bernini Avenue |
| Telephone Number | 520-820-5073 |
| E-mail Address | mrmunene@gmail.com |

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

**B.**     **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Kristi Noem |
| Job or Title *(if known)* | Secretary, Department of Homeland Security |
| Street Address | 3801 Nebraska Ave NW |
| City and County | Washington, DC |
| State and Zip Code | Washington, DC 20016 |
| Telephone Number | 202-282-8000 |
| E-mail Address *(if known)* | DHSSecretary@hq.dhs.gov |

Defendant No. 2

| | |
|---|---|
| Name | N/A |
| Job or Title *(if known)* | N/A |
| Street Address | N/A |
| City and County | N/A |
| State and Zip Code | N/A |
| Telephone Number | N/A |
| E-mail Address *(if known)* | N/A |

Defendant No. 3

| | |
|---|---|
| Name | N/A |
| Job or Title *(if known)* | N/A |
| Street Address | N/A |
| City and County | N/A |
| State and Zip Code | N/A |
| Telephone Number | N/A |
| E-mail Address *(if known)* | N/A |

Defendant No. 4

| | |
|---|---|
| Name | N/A |
| Job or Title *(if known)* | N/A |
| Street Address | N/A |
| City and County | N/A |
| State and Zip Code | N/A |

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

| | |
|---|---|
| Telephone Number | N/A |
| E-mail Address *(if known)* | N/A |

### C.    Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Jim Munene<br>United States Department of Homeland Security<br>United States Border Patrol, Ajo Border Patrol Station |
| Street Address | 850 HWY 85 |
| City and County | Ajo, Pima County |
| State and Zip Code | Arizona, 85321 |
| Telephone Number | 520-387-7002 |

## II.    Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒    Other federal law *(specify the federal law)*:

5th Amendment Protections to Procedural Due Process.
- Federal Employees protections of the Due Process Procedures in Federal Employment.
- Federal Employees who are past probation, are treated as having a right to property.

☐    Relevant state law *(specify, if known)*:

☐       Relevant city or county law *(specify, if known)*:

## III.  Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.      The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

         ☐      Failure to hire me.

         ☒      Termination of my employment.

         ☐      Failure to promote me.

         ☐      Failure to accommodate my disability.

         ☒      Unequal terms and conditions of my employment.

         ☒      Retaliation.

         ☒      Other acts *(specify)*:     Discrimination, Hostile Work Environment, and Harassment.

         *(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.      It is my best recollection that the alleged discriminatory acts occurred on date(s)

February 27, 2018; Notice of Removal from Federal Service.
May 30, 2018; Removal from Federal Service.

C.      I believe that defendant(s) *(check one)*:

         ☒      is/are still committing these acts against me.

         ☐      is/are not still committing these acts against me.

D.      Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

         ☒      race            African American

         ☒      color           Black

         ☐      gender/sex

         ☐      religion

         ☒      national origin     Kenya

         ☐      age *(year of birth)*          *(only when asserting a claim of age discrimination.)*

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

☐       disability or perceived disability *(specify disability)*

_____

E.       The facts of my case are as follows.  Attach additional pages if needed.

Mr. Jim Munene (Plaintiff) is a forty-nine (49) year old, African American, United States Military War Veteran, and originally from Kenya. He was formerly employed by the Defendant as a Supervisory Border Patrol Agent, GS-1896-13, for approximately eleven (11) years but was unfairly removed from Federal Service because of his race, color, national origin, creation of a hostile work environment, and retaliation from prior protected activity of equal employment opportunity cases filed. Mr. Munene consistently received successful performance ratings throughout his career until he was unfairly removed due to discriminitation and reprisal.

Plaintiff humbly pleads to the District Court to overturn the Equal Employment Opportunity (EEOC) Order for the material error violation of the Notice to File a discrimination claim, which prejudiced Plaintiff. Because Plaintiff is Pro se, the Defendant mislead Plaintiff to believe that the EEOC was the correct avenue to file a discrimination claim yet it is not. The correct avenue to file a discrimination claim in a mixed case involving the EEOC and the Merit System Protection Board (MSPB) was at the MSPB but not vice versa. When the Defendant issued the wrong Notice to File a discrimination claim to the EEOC, but not the MSPB, Plaintiff, appearing Pro Se, was prejudiced to believe that he was dealing with a discrimination complaint but not a merit complaint. The Defendant then mislead the EEOC to give a confusing Order that vacated the Defendant's Final Agency Decision (FAD). However, the EEOC then vacated its very own first Order that vacated the FAD, after being mislead again by Defendant. The Plaintiff was prejudiced from the vey beginning when the Due Process in Removal from the Federal Service was violated by the conflicting EEOC Order to vacate the FAD whereby the Defendant refused to abide by the EEOC Order that vacaated the FAD.

Nevertheless, thereafter the Defendant deviously self-manufactured an Errata, after the Defendant had been caught misleading the Plaintiff with the wrongful Notice. The Defendant then argued that the initital EEOC Order to vacate the FAD was meaningless because the Defendant mistake was somehow corrected by an Errata issued although the damage to Plaintiff Due Process had been done and was irreversable. However, the Plaintiff who is Pro Se, was prejudiced because he was materially mislead to believe that the EEOC was the correct avenue to file a mixed complaint involving the EEOC and MSPB, but it is not. The Defendant self issued Errata did not cure the irreversable damage caused against the Plaintiff Due Process rights violation. Furthermore, after the Defendant investigated himself, the Defendant hid evidence away from the EEOC by burying the needed evidence into other separate prior protected activity cases not connected to the instant case. The Plaintiff was prejudiced again because when the Defendant hid evidence, this was against the rules of Discovery to present evidence to the EEOC particularly for material evidence necessary to change the outcome of the instant case.

The Plaintiff also humbly pleads to the District Court to overturn the Merit System Protection Board (MSPB) Order because it lacked to follow the Procedural Due Process Protections afforded to the Plaintiff that were violated by the Defendant. The Procedural Due Process violation occurred when the Plaintiff was prejudiced with removal from the Federal Service as a result of the Notice Removal Letter when the Defendant did not provide the Table of Penalties and Removals that was referenced in the Removal Letter but not provided in the Notice of Removal.

The Defendant violated the Due Process Protections by introducing new information (Table of Offenses & Penalties) in the Removal Letter yet the Notice of Removal Letter never included the Table of Offenses & Penalties. The Defendant then relied upon the Table of Offenses & Penalties to remove the Plaintiff from the Federal Service but has nevver provided the said Table of Offenses & Penalties. The MSPB Order must be overturned because it prejudiced the Plaintiff to situations involving the charges but did not include discussions of the appropriate penalty from the Table of Offenses & Penalties, which is material evidence necessary to change the outcome of the instant case.

Because the Defendant violated the Plaintiff Due Procedueral Process Protections and due to the existence of material errors prejudicial to Plaintiff; therefore the cure requested is that the Plaintiff's removal from Federal Service should be rescinded and requested damages to be paid in full.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.    Exhaustion of Federal Administrative Remedies

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

July 30, 2018; Notice of Right to File a Discrimination Complaint.

B.    The Equal Employment Opportunity Commission *(check one)*:

☐        has not issued a Notice of Right to Sue letter.

☒        issued a Notice of Right to Sue letter, which I received on *(date)*    January 8, 2025    .

*(Note:  Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.    Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐        60 days or more have elapsed.

☐        less than 60 days have elapsed.

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

1) Employment Reinstatement and Restoration of Full Benefits because the Plaintiff's Due Process Protections were violated when Plaintiff was unfairly removed from the Federal Service.

2) $15,000,000 in Actual Damages is requested because the Defendant discriminated, removed, and ultimately destroyed Plaintiff's Law Enforcement Career. The Plaintiff continues to suffer lost wages and incur harm of a destroyed career from the prohibited personnel practices of the Defendant.

3) $5,000,000 in Punitive Damages is requested because the defendant is unreasonable, without remorse, and Plaintiff is still prejudiced from the ongoing lost wages and destroyed career that Defendant caused.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    2/3/2025

Signature of Plaintiff    /Signed/ Jim Munene

Printed Name of Plaintiff    Jim Munene

### B.    For Attorneys

Date of signing:    N/A

Signature of Attorney    N/A

Printed Name of Attorney    N/A

Bar Number    N/A

Name of Law Firm    N/A

Street Address    N/A

State and Zip Code    N/A

Telephone Number    N/A

E-mail Address    N/A

OMB No. 1610-0001 Expiration Date: 8/31/18

| DEPARTMENT OF HOMELAND SECURITY | FOR OFFICIAL USE ONLY |
| **INDIVIDUAL COMPLAINT OF EMPLOYMENT DISCRIMINATION** | DEPARTMENT CASE NUMBER |
| *(Use this form for original complaints and amendments.)* | FILING DATE |

## PART I COMPLAINANT IDENTIFICATION

**1. NAME** *(Last, First, Middle Initial)*

Munene, Jim, K

**2. TELEPHONE/FAX** *(Include Area Code)*

| Home | Fax |
| +1 (520) 820-5073 | N/A |
| Work | Fax |
| +1 (520) 820-5073 | N/A |

**3. HOME ADDRESS** *(You must notify the Department of any change of address while complaint is pending, or your complaint may be dismissed.)*

425 Bernini Avenue
Sierra Vista, AZ
85635

**4. IF YOU ARE A CURRENT OR FORMER EMPLOYEE OF THE FEDERAL GOVERNMENT, LIST YOUR RECENT TITLE, SERIES, AND GRADE.**

Title
Supervisory Border Patrol Agent

| Series | Grade |
| 1896 | 13 |

**5. NAME AND ADDRESS OF ORGANIZATION WHERE YOU WORK** *(If a Department of Homeland Security Employee)*

Bureau or Component
N/A

Office and Organizational Unit
N/A

Street Address
N/A

| City | State | Zip Code |
| N/A | NA | N/A |

**6. EMPLOYMENT STATUS IN RELATION TO THIS COMPLAINT**

☐ Applicant   ☐ Probationary   ☐ Career/Career Conditional

☐ Uniformed Service Member

☒ Former Employee/Member   05/30/2018
Date Left Department

☐ Retired   _____
Date of Retirement

☐ Other *(Specify)* Terminated on Racial Grounds

**7. I certify that all statements made in this complaint are true, complete, and correct to the best of my knowledge and belief.**

| SIGNATURE OF COMPLAINANT OR ATTORNEY REPRESENTATIVE | DATE |
| *[signature]* | 07/30/2018 |

## PART II DESIGNATION OF REPRESENTATIVE

**8. YOU MAY REPRESENT YOURSELF IN THIS COMPLAINT OR YOU MAY CHOOSE SOMEONE TO REPRESENT YOU. YOUR REPRESENTATIVE DOES NOT HAVE TO BE AN ATTORNEY. YOU MAY CHANGE YOUR DESIGNATION OF A REPRESENTATIVE AT A LATER DATE, BUT YOU MUST NOTIFY THE DEPARTMENT IMMEDIATELY IN WRITING OF ANY CHANGE, AND YOU MUST INCLUDE THE SAME INFORMATION REQUESTED IN THIS PART.**

"I hereby designate *(Please Print Name)* N/A _____ to serve as my representative during the course of this complaint. I understand that my representative is authorized to act on my behalf."

Is the representative an attorney?   ☐ YES   ☐ NO

| 9. REPRESENTATIVE'S MAILING ADDRESS | 10. REPRESENTATIVE'S EMPLOYER *(If Federal Agency)* |
| FIRM/ORGANIZATION | N/A |
| N/A | |
| STREET ADDRESS | 11. REPRESENTATIVE'S TELEPHONE/FAX *(Include Area Code)* |
| | Telephone        Fax |
| N/A | N/A        N/A |
| CITY, STATE, & ZIP CODE | 12a. COMPLAINANT'S SIGNATURE | 12b. DATE |
| N/A | | N/A |

DHS Form 3090-1 (8/15)

Page 1 of 4

## PART III ALLEGED DISCRIMINATORY ACTIONS

| 13. NAME OF PERSON OR DHS COMPONENT WHO TOOK THE ACTION AT ISSUE. | 14. ARE YOU WILLING TO PARTICIPATE IN MEDIATION OR OTHER AVAILABLE TYPES OF ALTERNATIVE DISPUTE RESOLUTION TO RESOLVE YOUR COMPLAINT? |
|---|---|
| Shawn Mudie & Guillermo Gonzalez | |
| ORGANIZATION | [X] YES    [ ] NO |
| United States Border Patrol | |
| STREET ADDRESS | |
| 850 HWY 85 | |
| CITY, STATE, & ZIP CODE | |
| Ajo, AZ 85321 | |

15. A. Describe the action taken against you that you believe was discriminatory.

    B. Give the date when the action occurred, and the name of each person responsible for the action.

    C. Describe how you were treated differently from other employees, applicants, or members for any of the reasons listed in Item 16.

    D. Indicate what harm, if any, came to you in your work situation as a result of this action. (You may, but are not required to, attach extra sheets.)

    E. If the basis of your complaint is parental status or sexual orientation, use this form, but your complaint is not statutorily based and will follow separate, parallel process.

Allegations made by Supervisory Border Patrol Agent Gonzalez Guillermo and Watch Commander Shawn Mudie that I was asleep at work On August 21, 2017. I was discriminatorily terminated based on a plethora of flimsy charges brought against me.

16. Mark below **ONLY** the bases you believe were relied on to take the actions described in Item 15.

[X] RACE (*Specify*) African American      [ ] AGE (*Date of Birth*)

[X] COLOR (*Specify*) Black      [ ] PHYSICAL OR MENTAL DISABILITY (*Describe*)

[ ] RELIGION (*Specify*)

[X] NATIONAL ORIGIN (*Specify*) Kenyan      [X] RETALIATION/REPRISAL (*Dates of Prior EEO Activity*) Prior EEOC cases in 2014, 2015 & 2017

[ ] SEX (*Specify*)

     [ ] Pregnancy   [ ] Gender Identity      [ ] GENETIC INFORMATION

     [ ] SEXUAL ORIENTATION

     [ ] PARENTAL STATUS

17. WHAT REMEDIAL OR CORRECTIVE ACTION ARE YOU SEEKING TO RESOLVE THIS MATTER

Reinstatement to the Federal Service; Transfer to different agency in Department of Homeland Security; Backpay; Lawyers Fees if I am able to afford one

18. ON THIS SAME MATTER, HAVE YOU FILED A GRIEVANCE OR APPEAL UNDER:

| | | |
|---|---|---|
| Negotiated grievance procedure | [ ] YES | [X] NO |
| Agency grievance procedure | [ ] YES | [X] NO |
| Merit Systems Protection Board appeal procedure | [ ] YES | [X] NO |

If you filed a grievance or appeal, provide date filed, case number, and present status.

N/A

## PART IV CONTACT

**EEO/EO Counseling is not required if you are requesting amendment of an existing, open complaint. Complete items 24 and 25, even if you did not contact a counselor.**

| 19. DATE YOU CONTACTED AN EEO COUNSELOR | 20. NAME AND TELEPHONE NUMBER OF EEO COUNSELOR |
|---|---|
| | Name          Phone |
| 07/03/2018 | Ms. Tammy Wilson     +1 (713) 387-7266 |
| 21. DID YOU DISCUSS ALL ACTIONS RAISED IN ITEM 15 WITH AN EEO COUNSELOR? (*If NO, explain on attached sheet*) | 22. DATE YOU RECEIVED YOUR "NOTICE OF RIGHT TO FILE" |
| [X] YES   [ ] NO | 07/27/2018 |

23. IF YOU ARE REQUESTING AMENDMENT OF AN EXISTING, OPEN, FORMAL COMPLAINT (OR PROVIDING ADDITIONAL EVIDENCE), INDICATE THE COMPLAINT CASE NUMBER OF THAT COMPLAINT. N/A

| 24. DATE OF MOST RECENT DISCRIMINATORY EVENT | 25. DATE YOU FIRST BECAME AWARE OF THE ALLEGED DISCRIMINATION |
|---|---|
| 05/30/2018 | 05/30/2018 |

DHS Form 3090-1 (8/15)                                       Page 2 of 4

OMB No. 1610-0001 Expiration Date: 8/31/18

## DEPARTMENT OF HOMELAND SECURITY

### DHS FORM 3090-1, INDIVIDUAL COMPLAINT OF EMPLOYMENT DISCRIMINATION FORM INSTRUCTIONS

**(Read the following instructions carefully before you complete this form.)**

**(Please complete all items on the complaint form.)**

**GENERAL:** This form should be used only if you, as an applicant for employment with the Department of Homeland Security (DHS), or as a present or former Department of Homeland Security employee:

1. believe you have been discriminated against because of your **race, color, religion, sex, national origin,** age (40 years or older at the time of the event giving rise to your claim), **physical or mental disability, genetic Information** or in **reprisal** for opposition to activities protected by civil rights statutes, or participation in proceedings to enforce those statutes; **or**

2. believe you have been discriminated against because of your **parental status or sexual orientation.** Your claim is not covered under statutory basis, but will be processed under a parallel procedure, **and**

3. have presented the matter for informal resolution to an Equal Employment Opportunity (EEO) Counselor within **45 days** of the event giving rise to your claim, or within **45 days** of first becoming aware of the alleged discrimination. If you are amending or providing additional evidence to an existing open complaint, the form should be used, but EEO counseling is not required.

**IMPORTANT NOTE:** In certain situations, the information provided in Part III of the attached complaint form may be used in lieu of an affidavit in the investigation of your complaint. Accordingly, the information you provide in this part should be brief, clear, and complete.

**WHEN TO FILE:** In accordance with 29 CFR 1614.106, your formal complaint must be filed within **15 calendar days** of the date you received the "Notice of Right to File a Discrimination Complaint" from your EEO Counselor. You must sign and date your complaint. If you are represented **by an attorney,** the attorney may sign the complaint on your behalf.

These time limits may be extended:

1) if you show that you were not notified of the time limits and were not otherwise aware of them, **or**

2) if you were prevented by circumstances beyond your control from submitting the matter within the time limits, **or**

3) for other reasons considered sufficient by the Department.

**REPRESENTATION:** You may have a representative of your own choosing at all stages of the processing of your complaint. However, your representative will be disqualified if such representation would conflict with the official or collateral duties of the representative. No EEO Counselor, EEO Investigator or EEO Officer may serve as a representative. (Your representative need not be an attorney, but only an attorney representative may sign the complaint on your behalf.)

**WHERE TO FILE:** In accordance with 29 CFR 1614.106(c), your written complaint must be signed by you or your attorney. The complaint should be filed with the EEO Director of the Department of Homeland Security component where the alleged discrimination occurred. (Filing instructions are contained in the "Right to File" form, which was provided by your Counselor.) Keep a copy of the completed complaint form for your records.

DHS Form 3090-1 (8/15)                                                                                           Page 3 of 4

## PRIVACY ACT STATEMENT

1. **FORM/TITLE/DATE:** Department of Homeland Security (DHS) DHS Form 3090-1, **Individual Complaint of Employment Discrimination** with the Department of Homeland Security.

2. **AUTHORITY:** 42 USC 2000e; 29 USC 633a; 5 USC 1303 and 1304; 5 CFR 5.2 and 5.3; 29 CFR 1614.105 and 1614.107; and Executive Order 11478, as amended.

3. **PRINCIPAL PURPOSES:** The purpose of this complaint form, whether recorded initially on the form or taken from a letter from the Complainant, is to record the filing of a formal written complaint of employment discrimination with the Department of Homeland Security on the grounds of race, color, religion, sex, national origin, age, physical or mental disability, protected genetic information, or retaliation. Information provided on this form will be used by DHS to determine whether the complaint was timely filed and whether the allegations in the complaint are within the purview of 29 CFR Part 1614, to provide a factual basis for investigation of the complaint, and to reach a decision on the complaint. It also records an amendment or additional evidence to an open, pending complaint.

4. **ROUTINE USES:** Other disclosures may be:

   a. to respond to a request form from a Member of Congress regarding the status of the complaint or appeal;

   b. to respond to a court subpoena and/or to refer to a district court in connection with a civil suit;

   c. to disclose information to authorized officials or personnel to adjudicate a complaint or appeal; or

   d. to disclose information to another Federal agency or to a court or third party in litigation when the Government is party to a suit before the court.

5. **WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY, AND EFFECT OF NOT PROVIDING INFORMATION:** Formal complaints of employment discrimination must be in writing, signed by the Complainant (or attorney representative), and must identify the parties and action or policy at issue. Failure to comply may result in the Department of Homeland Security dismissing the complaint. It is not mandatory that this form be used to provide the requested information.

## OMB STATEMENT

In accordance with the Paperwork Reduction Act, no persons are required to respond to a collection of information unless it displays a valid OMB Control Number. The valid OMB Control Number for this information collection is 1610-0001. The time required to complete this information collection is estimated to average 30 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

U.S. CUSTOMS AND BORDER PROTECTION
DEPARTMENT OF HOMELAND SECURITY

## Notice of Right to File a Discrimination Complaint

DATE: July 27, 2018

TO:        Jim Munene

FROM:    Tammy Wilson, EEO Counselor

SUBJECT:    **NOTICE OF RIGHT TO FILE A DISCRIMINATION COMPLAINT**

**Case Number: CBP-02141-2018**

Your initial contact with a Privacy and Diversity Office (PDO) official was on July 3, 2018. During EEO counseling, you alleged that based on race (African-American), color (black), national origin (Kenyan), and reprisal (prior EEO activity and instant complaint) you were discriminated against when on May 30, 2018, you were terminated from your position as a Supervisory Border Patrol Agent.

This is to inform you that because the matter you brought to our attention has not been resolved to your satisfaction, you are now entitled to file a discrimination complaint under the **Statutory EEO Complaint Process** as codified at 29 C.F.R. Part 1614.

If you elect to file a **formal discrimination complaint in the statutory EEO process**, you must:

- File the formal (individual or class) complaint, using only one of the methods described below, within fifteen (15) calendar days of receipt of this notice via:

Electronic mail to: cbpeeocomplaintfiling@dhs.gov
(electronic signature or scanned signed copy)
**or**
U.S. mail to: **U.S. Customs and Border Protection**
**Privacy and Diversity Office**
Diversity and EEO Division
1300 Pennsylvania Avenue, NW
Room 3.3D
Washington, D.C. 20229
Telephone: (202) 344-1610

I.

**WARNING:** THIS DOCUMENT IS FOR OFFICIAL USE ONLY (FOUO). IT CONTAINS INFORMATION THAT MAY BE EXEMPT FROM PUBLIC RELEASE UNDER THE FREEDOM OF INFORMATION ACT (5 U.S.C. 552) IT IS TO BE CONTROLLED, STORED, HANDLED, TRANSMITTED, DISTRIBUTED, AND DISPOSED OF IN ACCORDANCE WITH DEPARTMENT OF HOMELAND SECURITY POLICY RELATING TO FOUO INFORMATION AND IS NOT TO BE RELEASED TO THE PUBLIC OR OTHER PERSONNEL WHO DO NOT HAVE A VALID "NEED-TO-KNOW" WITHOUT PRIOR APPROVAL OF AN AUTHORIZED DEPARTMENT OF HOMELAND SECURITY OFFICIAL.

REVISED JUNE 2014

U.S. CUSTOMS AND BORDER PROTECTION
DEPARTMENT OF HOMELAND SECURITY

1.    The formal complaint **must be in writing and signed** by you or your attorney representative on Form 3090-1. The formal complaint must contain a signed statement which is sufficiently precise to describe generally the actions or practices that form the basis of the complaint, and must contain the telephone number and address where you and your representative may be contacted. CBP will accept an array of digital objects to serve as an electronic signature (for example, "/s/Jane Doe"), a graphical image of a handwritten signature, or an authenticated process that creates an electronic signature. **(Please note that representatives who are not attorneys cannot sign or file a complaint on behalf of another individual).**

2.    The formal complaint must also state whether you have filed a grievance under any negotiated grievance procedure or an appeal to the Merit Systems Protection Board on the same matter(s).

3.    If you secure representation, you must immediately inform CBP/DHS.

4.    Only issues or claims that were raised during the counseling stage, or claims that are like or related to those claims, may be the subject of the formal complaint.

5.    If you have filed two or more formal complaints, they may be consolidated after appropriate notice.

6.    When a formal complaint has been consolidated with one or more earlier filed complaints, CBP shall complete its investigation within the earliest of 180 calendar days after the filing of the last complaint or 360 calendar days of the filing of the first formal complaint.

7.    Generally, a hearing may be requested before an EEOC administrative judge at any time after 180 calendar days of the filing of the formal complaint. When a complainant files a mixed case complaint (a complaint stemming from an action that can be appealed to the Merit Systems Protection), an appeal may be filed with the MSPB at any time after 120 days of the date of filing of the formal complaint.

Issued: Via electronic mail, return receipt requested. (electronic receipt is an acceptable delivery method)

WARNING: THIS DOCUMENT IS FOR OFFICIAL USE ONLY (FOUO). IT CONTAINS INFORMATION THAT MAY BE EXEMPT FROM PUBLIC RELEASE UNDER THE FREEDOM OF INFORMATION ACT (5 U.S.C. 552) IT IS TO BE CONTROLLED, STORED, HANDLED, TRANSMITTED, DISTRIBUTED, AND DISPOSED OF IN ACCORDANCE WITH DEPARTMENT OF HOMELAND SECURITY POLICY RELATING TO FOUO INFORMATION AND IS NOT TO BE RELEASED TO THE PUBLIC OR OTHER PERSONNEL WHO DO NOT HAVE A VALID "NEED-TO-KNOW" WITHOUT PRIOR APPROVAL OF AN AUTHORIZED DEPARTMENT OF HOMELAND SECURITY OFFICIAL.

REVISED JUNE 2014



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 77960**
**Washington, DC 20013**

Jim K. Munene a/k/a
Anton S.,[1]
Petitioner,

v.

Alejandro N. Mayorkas,
Secretary,
Department of Homeland Security
(Customs and Border Protection),
Agency.

Petition No. 2024004537

MSPB No. DE-0752-19-0419-I-1

## DECISION

Petitioner filed a petition with the Equal Employment Opportunity Commission (EEOC or Commission) seeking review of a Final Order issued by the Merit Systems Protection Board (MSPB or Board) concerning his claim of discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq. For the following reasons, the Commission CONCURS with the MSPB's finding of no discrimination.

## ISSUE PRESENTED

Whether the MSPB was correct in finding that Petitioner did not establish that the Agency discriminated against him on the bases of race, national origin, color, or in reprisal for prior protected equal employment opportunity (EEO) activity when it removed him from federal service.

---

[1] This case has been randomly assigned a pseudonym which will replace Petitioner's name when the decision is published to non-parties and the Commission's website.

2                                              2024004537

## BACKGROUND

At the time of events giving rise to this petition, Petitioner worked as a Supervisory Border Patrol Agent, GS-1896-13, at the Agency's Border Patrol Station in Ajo, Arizona.

Petitioner was removed from federal service in May 2018. His removal stemmed from incidents that occurred in March and August 2017, and from statements he made during subsequent investigations of those incidents in June and October 2017. On March 8, 2017, Petitioner was absent without leave (AWOL) for a portion of the day and could not be located. Management searched for him and ultimately performed a "welfare check" at Petitioner's home the next day, where he was found when he was supposed to be working. Petitioner later submitted a timesheet for March 8 that reflected he worked from 12:00 PM to 10:00 PM, which was different than the time he had actually worked that day, and a timesheet for March 9 that reflected he had worked from 6:00 AM to 4:00 PM, when in fact he had failed to report to work that day.

These incidents were investigated by the Agency's Tucson Sector Investigation Team (SIT) in June 2017.[2] During his SIT interview, Petitioner claimed that he had informed two other Supervisor Border Patrol Agents (SBPA1 and SBPA2) that he was modifying his duty shift on March 8, 2017 (and so therefore was not in fact AWOL), but both SBPA1 and SBPA2 denied that Petitioner sought to modify his duty hours or requested them to cover his supervisory duties. Modifying a shift required the approval of the Watch Commander, which Petitioner had not requested or obtained on March 8 or 9, 2017. The need for Watch Commander approval to modify shifts had been discussed with all supervisors, including Petitioner.

On August 21, 2017, at around 4:00 AM, Petitioner was the Supervisory Border Patrol Agent at an inspection checkpoint. Petitioner was apparently asleep in a vehicle that was parked outside of the primary inspection area. During this time, another Supervisory Border Patrol Agent (SBPA3) arrived at the checkpoint and saw a Border Patrol Agent (BPA) directing a car (a Crown Victoria) for a secondary inspection without back-up, which was required by Agency policy.

---

[2] On March 8, Petitioner was also suspected of speeding in a government vehicle and almost causing a collision with the vehicle of another Border Patrol Agent, so this too was part of the SIT investigation, though these allegations ended up not being part of the decision to remove Petitioner.

After realizing this, SBPA3 got out of his vehicle and began yelling about the lack of secondary back-up.  He aggressively questioned BPA about the location of the responsible supervisor until BPA reluctantly pointed out Petitioner's vehicle.  SBPA3 approached the vehicle and could see someone reclined inside with a pillow behind their neck.  SBPA3 knocked on the window three times, but Petitioner did not answer.  SBPA3 then opened the door and began yelling at Petitioner (who appeared startled and to be just waking up) for being asleep while his agents needed secondary back-up.

This incident was investigated by SIT in October 2017.  During his SIT interview, Petitioner denied being asleep and claimed to have seen the Crown Victoria going into the secondary inspection area being directly followed by SBPA3's van.  However, Petitioner also denied that he saw SBPA3 approach his vehicle because it was dark outside.

After these investigations, on February 27, 2018, a member of the Agency's Discipline Review Board proposed Petitioner's removal.  The proposed removal contained nine charges of misconduct.  On May 22, 2018, the deciding official (DO), Chief Patrol Agent of the Tucson Sector, upheld the removal, sustaining seven of the nine charges and all but one of the underlying specifications of those seven charges.

In his decision letter, DO sustained the following charges: neglect of supervisory duties, which involved the incident on August 21, 2017, alleging that Petitioner lacked situational awareness and left BPA alone to conduct the secondary inspection, thus raising a safety concern; lack of candor, which involved answers Petitioner gave during his SIT interviews in June and October 2017; sleeping while on duty, which again involved the incident on August 21, 2017, alleging that SBPA3 found Petitioner sleeping while on duty with a neck pillow in the front passenger seat of a vehicle; failure to follow standard operating procedures, which involved Petitioner's admission during his SIT interview that he changed his assigned duty shift without Watch Commander's approval; unauthorized departure from the worksite, which involved the incident on March 8, 2017, where, during his shift, Petitioner departed the base without prior approval from management, resulting in a search for him that ended when he was found at home the next day; absence without leave, which involved Petitioner's failure to report for duty on March 9, 2017, without prior approval; and inaccurate submission of time and attendance, which involved the timesheets Petitioner submitted for March 8 and 9, 2017, which failed to reflect the time worked.

4                                                 2024004537

On July 30, 2018, Petitioner filed an EEO complaint alleging that the Agency discriminated against him based on race (African American), national origin (Kenyan), color (black), and in reprisal for prior protected EEO activity under Title VII when he was terminated from federal service, effective May 30, 2018.

Although the complaint was determined to be a mixed case complaint,[3] upon completion of the investigation the Agency incorrectly provided Petitioner notice of his right to request a hearing before an EEOC Administrative Judge (AJ) or a final Agency decision.[4] Petitioner requested a final decision, and on May 28, 2019, the Agency issued a decision finding that Petitioner was not discriminated against as alleged.  The final decision contained inaccurate appeal rights to the EEOC; not the MSPB as is required for mixed case complaints.  Per the erroneous appeal rights, Petitioner filed an appeal of the Agency's final decision with the Commission on or about June 21, 2019.  The Agency subsequently issued an "Errata" on July 12, 2019, which corrected its final decision by replacing the EEOC appeal rights with appeal rights to the MSPB.  Thereafter, Petitioner filed his appeal of the final Agency decision with the MSPB on August 19, 2019.

While Petitioner's MSPB appeal was pending, the Commission issued a decision on Petitioner's earlier EEOC appeal.  In Chris A. v. Department of Homeland Security, EEOC Appeal No. 2019004938 (Feb. 12, 2020), the Commission found that the Agency's original final decision contained inaccurate appeal rights and was appealable only to the MSPB.  As a result, the Commission vacated the May 28, 2019 final decision and remanded the matter to the Agency for issuance of a new final decision with appeal rights to the MSPB, not the EEOC.[5]  Presumably in light of its Errata and Petitioner's then-pending appeal before the MSPB on the same matter, the Agency never issued a new final decision as ordered in Chris A.

An MSPB AJ then held a two-day hearing and issued an Initial Decision affirming the Agency's removal action.

---

[3] A mixed case complaint is a complaint of employment discrimination filed with a federal agency related to or stemming from an action that can be appealed to the MSPB.  29 C.F.R. § 1614.302(a)(1).
[4] Pursuant to 29 C.F.R. § 1614.302(d)(2), upon completion of the investigation into a mixed case complaint, an agency shall notify a complainant that it will issue a final decision within 45 days without a hearing before an EEOC AJ.
[5] Chris A. did not mention the Errata the Agency had issued.

The MSPB AJ found that the Agency's witnesses were credible, while finding that Petitioner was less credible, as his version of events was often contradictory, and that Petitioner seemed evasive during portions of his testimony.  The MSPB AJ concluded that the Agency proved the sustained charges of misconduct and that Petitioner failed to establish his affirmative defenses of discrimination and retaliation.

The MSPB AJ noted that, aside from Petitioner's "conclusory statements that one or more individuals were biased," Petitioner failed to provide any credible evidence indicating discrimination or retaliation.  Initial Decision at 24.  The MSPB AJ noted, for example, that at the hearing Petitioner was asked why he believed certain events were discriminatory, but Petitioner's responses did not suggest discrimination or seem pertinent to the issue.[6] The MSPB AJ also determined that the overwhelming evidence in the record contradicted Petitioner's assertion that he had done nothing wrong and supported the charged misconduct.

Petitioner sought review of the MSPB AJ's Initial Decision by the full Board. On July 11, 2024, the MSPB issued a Final Order summarily affirming the Initial Decision.  The instant petition followed.

<u>CONTENTIONS IN PETITION</u>

In his brief supporting the petition, Petitioner argues that he has met the burden of proof that the Agency's removal decision was pretext for discrimination and retaliation.  Petitioner also notes that the Agency gave him "wrong and false information about his . . . appeal rights" and only corrected it after Petitioner appealed to the EEOC.  Petitioner requests that we both review the MSPB's Final Order and also order "full implementation" of the Commission's decision in <u>Chris A.</u>  Petitioner then argues that we should vacate the MSPB's Final Order because it conflicts with <u>Chris A.</u>, which vacated the final Agency decision in this matter.

The Agency did not submit a statement regarding this petition.

---

[6] For instance, when asked why he thought SBPA3 had discriminated against him, Petitioner stated only that SBPA3 "had his 'mind fixed' that agents might be sleeping."  Initial Decision at 25.

6                                              2024004537

## STANDARD OF REVIEW

EEOC Regulations provide that the Commission has jurisdiction over mixed case complaints on which the MSPB has issued a decision that makes determinations on allegations of discrimination.   29 C.F.R. § 1614.303 et seq.   The Commission must determine whether the decision of the MSPB with respect to the allegation of discrimination constitutes a correct interpretation of any applicable law, rule, regulation or policy directive, and is supported by the evidence in the record as a whole.   29 C.F.R. § 1614.305(c).

## ANALYSIS

As an initial matter, we find that Petitioner's reliance on the Commission's decision in Chris A. is misplaced.  The decision in Chris A. did not make any findings or conclusions about the merits of Petitioner's discrimination claim. In fact, the Commission had no jurisdiction over Petitioner's appeal in Chris A. and, as such, simply ordered the Agency to provide Petitioner with the correct appeal rights to the MSPB.

Petitioner then filed his appeal of the final Agency decision on his mixed case complaint with the correct forum, the MSPB, which in turn issued a decision on the merits of his removal, including his affirmative defenses of discrimination/retaliation.  We therefore find that the Agency's initial error of providing Petitioner with incorrect appeal rights to the EEOC has not prejudiced Petitioner and is no longer relevant.  The instant petition for review of the MSPB's Final Order is the proper avenue for Petitioner to appeal the merits of his claim of discrimination, and the Commission's decision in Chris A. has no further bearing on this matter.

To prevail in a disparate treatment claim, Petitioner must satisfy the three-part evidentiary scheme fashioned by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  Petitioner must initially establish a prima facie case of discrimination by presenting facts that, if unexplained, reasonably give rise to an inference of discrimination. Shapiro v. Soc. Sec. Admin., EEOC Request No. 05960403 (Dec. 6, 1996) (citing McDonnell Douglas); see Homer B. v. Dep't of Interior, EEOC Appeal No. 2019005980 (Dec. 21, 2020).

To establish a prima facie case of disparate treatment based on race, national origin, or color, Petitioner must show that: (1) he is a member of a protected class; (2) he was subjected to an adverse employment action concerning a term, condition, or privilege of employment; and (3) he was treated differently than similarly situated employees outside his protected class, or there was some other evidentiary link between membership in the protected class and the adverse employment action. See Nannette T. v. U.S. Postal Serv., EEOC Appeal No. 0120180164 (Mar. 20, 2019); McCreary v. Dep't of Def., EEOC Appeal No. 0120070257 (Apr. 14, 2008), request for recons. denied, EEOC Request No. 0520080545 (June 20, 2008).

For a reprisal claim, Petitioner may establish a prima facie case by showing that: (1) he engaged in protected activity; (2) the Agency was aware of the protected activity; (3) subsequently, he was subjected to adverse treatment by the Agency; and (4) a nexus exists between the protected activity and the adverse treatment. Whitmire v. Dep't of the Air Force, EEOC Appeal No. 01A00340 (Sept. 25, 2000); see Carr v. U.S. Postal Serv., EEOC Appeal No. 0120065298 (June 26, 2007); O'Neal v. Ferguson Constr. Co., 237 F.3d 1248, 1252 (10th Cir. 2001); Hochstadt v. Worcester Found. for Experimental Biology, 425 F. Supp. 318, 324 (D. Mass.), aff'd, 545 F.2d 222 (1st Cir. 1976).

Proof of a prima facie case will vary depending on the facts of the particular case. McDonnell Douglas, 411 U.S. at 802 n.13; Saenz v. Dep't of the Navy, EEOC Request No. 05950927 (Jan. 9, 1998). The burden then shifts to the Agency to articulate a legitimate, nondiscriminatory reason for its actions. Tex. Dep't of Cmty. Affs. v. Burdine, 450 U.S. 248, 253 (1981).

Once the Agency has met its burden, Petitioner bears the ultimate responsibility to persuade the fact finder by a preponderance of the evidence that the Agency's explanation was pretextual. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 143 (2000); St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507 (1993). Petitioner can do this by showing that the proffered explanations were unworthy of credence or that a discriminatory reason more likely motivated the Agency. Burdine, 450 U.S. at 256. A showing that the employer's articulated reasons were not credible permits, but does not compel, a finding of discrimination. Hicks, 509 U.S. at 511.

In finding no discrimination and retaliation, the MSPB AJ relied upon the MSPB's decision in Savage v. Department of the Army, 122 M.S.P.R. 612 (2015).

8                                                        2024004537

In Savage, the MSPB determined that the analytical framework set forth in McDonnell Douglas was not applicable to its proceedings. Savage, 122 M.S.P.R. at 637. In rejecting the McDonnell Douglas framework, the MSPB maintained that the MSPB's authority to adjudicate and remedy alleged violations of 42 U.S.C. § 2000e-16 is a matter of civil service law. Id.

We find that the MSPB AJ erred by not applying the analysis of McDonnell Douglas when deciding Petitioner's claim of discrimination based on race, national origin, color, and reprisal. We will analyze this case according to the McDonnell Douglas paradigm. See Raphael C. v. Dep't of Veterans Affs., EEOC Petition No. 0320160016 (May 10, 2016); McDonnell Douglas, 411 U.S. 792. We find, however, as set forth herein, that the MSPB AJ correctly determined that Petitioner did not establish that the Agency discriminated against him as alleged.

We find that Petitioner failed to establish a prima facie case of discrimination based on race, national origin, or color because he has not shown an evidentiary link between these bases and his removal. Petitioner also has not specified similarly situated individuals outside of his protected bases who were treated more favorably. Other than his own bare assertions and speculation, Petitioner has not shown any connection between the actions of management (or the proposing and deciding officials) and Petitioner's race, national origin, or color.

We find that Petitioner can establish a prima facie case of reprisal. He filed several EEO complaints (and a civil action) alleging discrimination, it appears that at least some of management was aware of his prior complaints, he was subsequently removed from his position, and some of his protected EEO activity occurred soon before his proposed removal. We therefore find that, at least for purposes of a prima facie case of reprisal, Petitioner has met his burden.

Next, we find that the Agency articulated legitimate, nondiscriminatory reasons for its actions as stated in the notice of proposed removal and the decision upholding that removal. In these documents, the Agency claimed that Petitioner was AWOL on March 8 and 9, 2017, as he failed to appear for work and never got approval to change his shift from Wing Commander, submitted inaccurate timesheets in relation to those absences, and then said during his SIT interview that he had requested a modification of his shift from SBPA1 and SBPA2 when he had not done so.

The Agency also claimed that several months later, Petitioner was asleep while on duty at a checkpoint, which prevented him from having the situational awareness to see BPA about to conduct a secondary inspection without backup (which was against policy and created a safety risk). The Agency further claimed that Petitioner then lied about the incident during another SIT interview.

We find that Petitioner failed to prove by preponderant evidence that the Agency's explanation is pretext for discrimination based on race, national origin, color, or reprisal. Other than Petitioner's bare assertions and speculation, there is no evidence in the record to indicate that any of the Agency's actions were based on discrimination or that the Agency treated other employees outside his protected bases more favorably in similar circumstances. We also note that, before the MSPB AJ, Petitioner admitted some of the alleged conduct, such as filling out the two timesheets with hours he was not working and failing to notify the Watch Commander of his shift change/absence.

In his brief, Petitioner has not specified any record evidence tending to show that management or any of the officials involved in his removal—or in the underlying incidents—were motivated by discriminatory or retaliatory animus. Most of the relevant individuals testified at the hearing (including SBPA1, SBPA2, SBPA3, BPA, and DO), and the MSPB AJ found them more credible than Petitioner. We give deference to such credibility findings made by an MSPB AJ. Petitioner v. Dep't of the Air Force, EEOC Petition No. 0320090063 (June 20, 2009). Petitioner may dispute that much of the conduct occurred as alleged or that his behavior warranted removal, but he has failed to persuasively establish that the Agency's reasons are unworthy of belief or that his protected bases motivated the Agency's actions.

## CONCLUSION

Based upon a thorough review of the record, it is the decision of the Commission to CONCUR with the final decision of the MSPB finding no discrimination. The Commission finds that the MSPB's decision constitutes a correct interpretation of the laws, rules, regulations, and policies governing this matter and is supported by the evidence in the record as a whole.

10                                                2024004537

## PETITIONER'S RIGHT TO FILE A CIVIL ACTION (W0124)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court, based on the decision of the Merit Systems Protection Board, **within thirty (30) calendar days** of the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by their full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

## RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations

January 8, 2025
Date

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

JIM MUNENE )
)
)
v. )      CIVIL ACTION No:
)
KRISTI NOEM )
SECRETARY )
DEPARTMENT OF HOMELAND SECURITY )
)

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing, and its accompanying exhibits, was sent to the following via Certified mail on February 3, 2025:

1) Clerk of Court
   United States District Court, District of Arizona
   Evo A. DeConcini U.S Courthouse
   405 W. Congress St, Suite 1500
   Tucson, AZ 85701

2) Merrick Garland
   Attorney General
   U.S. Department of Justice
   950 Pennsylvania Ave, NW
   Washington, DC 20530

3) Kristi Noem
   Secretary
   U.S. Department of Homeland Security
   Nebraska Avenue Complex
   3801 Nebraska Ave NW
   Washington, DC 20016

/s/ Jim Munene.
Plaintiff Appearing *Pro Se*

Page **1** of **1**