**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jim Munene, | ) |
|        Plaintiff, | ) |
| | )   No. CIV 25-050-TUC-CKJ |
| vs. | ) |
| | )        **ORDER** |
| Kristi Noem, Secretary Department of Homeland Security, | ) |
| | ) |
|        Defendant. | ) |
| | ) |

On February 5, 2025, Plaintiff Jim Munene ("Munene") filed a Complaint, an Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2), and a Motion to Allow Electronic Filing by a Party Appearing Without an Attorney (Doc. 4).

I. *In Forma Pauperis ("IFP")* (Doc. 2)

The Court may allow a plaintiff to proceed without prepayment of fees when it is shown by affidavit that he "is unable to pay such fees[.]" 28 U.S.C. § 1915(a)(1). Munene's affidavit states he employed, but his expenses exceed that income. Munene states he currently receives $2000 in monthly income. However, he states his expenses as $3,200 per month. These monthly expenses include $1,200 support paid for others (the affidavit lists multiple children) and $800 for housing. Other expenses include utilities, food, health-related, transportation, and insurance.

The United States Supreme Court has said that a plaintiff makes a "sufficient"

showing of inability to pay when his application demonstrates that he "cannot because of his poverty pay or give security for the costs and still be able to provide himself and his dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *see also Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). An applicant need not be completely destitute to proceed IFP, but he must adequately prove his indigence. *Atkins*, 335 U.S. at 339-40; *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (an adequate affidavit should state supporting facts "with some particularity, definiteness and certainty"). No exact formula is "set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo*, 787 F.3d at 1235. Consequently, courts must evaluate IFP requests on a case-by-case basis. *See id.* at 1235–36 (declining to implement a general benchmark of "twenty percent of monthly household income"); *see also Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (requiring that district courts evaluate indigency based upon available facts and by exercise of their "sound discretion"), *rev'd on other grounds*, 506 U.S. 194 (1993); *Venable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974).

In this case, Munene's expenses significantly exceed his income. In light of the expenses, it does not appear Munene's assets and income are actually available to Munene for payment of fees. *See Escobedo*, 787 F.3d at 1236; *see also Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam) (applicant must show paying "fees would constitute a serious hardship"). The Court finds Munene has made a sufficient showing he "cannot because of his poverty pay or give security for the costs and still be able to provide himself and his dependents with the necessities of life." *Adkins*, 335 U.S. at 339 (statute does not require applicant use "the last dollar they have or can get, and thus make themselves and their dependents wholly destitute"). The Court finds Munene is unable to pay the fees and will grant the Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2).

II.  *Electronic Filing* (Doc. 4)

Munene's Motion to Allow Electronic Filing by a Party Appearing Without an Attorney indicates he has adequate electronic equipment and is able to comply with the requirements of the ECF Administrative Polices and Procedures Manual.  The Motion also indicates Munene is able to comply with the privacy policies of the Judicial Conference of the United States, https://www.uscourts.gov/rules-policies/judiciary-policies/privacy-policy-electronic-case-files, Fed.R.Civ.P. 5.2, and the E-Government Act of 2002, https://www.justice.gov/opcl/e-government-act-2002.  The Court will grant the Motion and advises Munene that failure to comply with ECF requirements may result in the revocation of the permission to electronically file and receive documents.

Munene shall register and submit a Non-Attorney E-File Registration, https://www.azd.uscourts.gov/sites/azd/files/Non-Attorney%20E-File%20Registration.pdf, within five (5) days of the date of this Order.

III.  *Screening Order*

This Court is required to dismiss a case if the Court determines that the allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or if the Court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The Court will screen Munene's Complaint herein.

IV.  *Munene's Complaint*

The Complaint alleges he was employed as a Supervisory Border Patrol Agent for approximately 11 years.  Munene alleges he received a Notice of Removal from Federal Service on or about February 27, 2018, and he was removed from service on or about May 30, 2018.  Munene alleges he is an African-American, Black, and originally from Kenya and that he was discriminated against based on his race, color, and national origin.  He further

1    alleges a hostile environment and retaliation from prior protected activity of equal
2    employment opportunity cases.

3        Munene alleges Defendant misled Munene to believe the Equal Employment
4    Opportunity Commission ("EEOC") was the correct avenue to file a discrimination claim,
5    rather than the correct method of filing a mixed case to the Merit System Protection Board
6    ("MSPB").  Specifically, Defendant incorrectly issued a Notice to File a discrimination
7    claim to the EEOC, but not the MSPB.  Munene alleges he, appearing *pro se*, was
8    prejudiced to believe that he was dealing with a discrimination complaint but not a merit
9    complaint.  Munene also alleges Defendant misled "the EEOC to give a confusing Order
10    that vacated  Defendant's Final Agency Decision [("FAD")].  However, the EEOC then
11    vacated its very own first Order that vacated the FAD, after being misle[d] again by
12    Defendant."  Complaint (Doc. 1, p. 6).

13        Munene asserts he was prejudiced by the lack of due process in the Removal from
14    the Federal Service by the conflicting EEOC Order to vacate the FAD and Defendant's
15    refusal to abide by the EEOC Order that vacated the FAD.  Munene alleges after Defendant
16    had been caught misleading Munene with the wrong Notice, "Defendant deviously
17    self-manufactured an Errata[,]" then "argued that the [initial] EEOC Order to vacate the
18    FAD was meaningless because the Defendant['s] mistake was somehow corrected by an
19    Errata."  *Id*.  Munene asserts the due process violation had already occurred and he had been
20    prejudiced despite Defendant's attempted correction.[1]

21        Munene also alleges Defendant conducted a self-investigation, then "hid evidence
22    away from the EEOC by burying the needed evidence into other separate prior protected
23    activity cases not connected to the instant case."  *Id*.  Munene asserts he was prejudiced
24    because this was against the discovery rules to present evidence to the EEOC, "particularly
25    for material evidence necessary to change the outcome of the instant case."  *Id*.

26    _____

27        [1]Munene alleges he was prejudiced because he was materially misled to believe that
     "the EEOC was the correct avenue to file a mixed complaint involving the EEOC and
28    MSPB[.]" *Id*.

1    Munene also alleges the MSPB Order was issued without procedural due process
2    because Munene's rights were violated by Defendant:   Munene asserts the Notice of
3    Removal Letter from Defendant did not include the Table of Penalties and Removals
4    ("Table") that was referenced in the Removal Letter; further, Munene asserts Defendant
5    violated his due process right by introducing new information (i.e., the Table) in the
6    Removal Letter despite its absence from the Notice of Removal Letter and then Defendant's
7    reliance upon that new information to remove Munene from the Federal Service; and,
8    Munene asserts Defendant has never provided the Table.   Munene requests the MSPB
9    Order be overturned.  Additionally, Munene asserts he was prejudiced by the MSPB Order
10   because it did not include a discussion of the appropriate penalty from the Table – this is
11   material evidence necessary to change the outcome of the instant case.

12       Munene's requested relief includes the reinstatement of his employment and
13   restoration of full benefits, $15,000,000 in actual damages, and $5,000,000 in punitive
14   damages.

15       Attached to the Complaint is the January 8, 2025, EEOC decision of its review of the
16   Final Order issued by the MSPB concerning Munene's claims of discrimination.   The
17   decision advised Munene he had the right to file a civil action within thirty (30) calendar
18   days of the date Munene received the decision.  Munene initiated this action on February
19   5, 2025.

20

21   V.  *General Requirements*

22       A complaint is to contain a "short and plain statement of the claim showing that the
23   pleader is entitled to relief[.]"  Rule 8(a), Fed.R.Civ.P.   While Rule 8 does not demand
24   detailed   factual   allegations,   "it   demands   more   than   an   unadorned,   the
25   defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
26   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory
27   statements, do not suffice." *Id*.  Especially where the pleader is *pro se*, the pleading should

28

be liberally construed in the interests of justice. *Johnson v. Reagan*, 524 F.2d 1123 (9th Cir. 1975). Indeed, a "complaint [filed by a pro se plaintiff] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), *quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007), *per curiam*.

A complaint must set forth sufficient facts that serves to put defendants on notice as to the nature and basis of the claim(s). Failure to name potential defendants or sufficient facts to advise a defendant of the claim(s) may result in no claim(s) being presented against a defendant. Furthermore, all allegations of a claim are to be set forth in numbered paragraphs that should be limited to a single set of circumstances. Fed.R.Civ.P. 10(a). "Each claim . . . shall be stated in a separate count . . . whenever a separation facilitates the clear presentation of the matters set forth." *Id*. Failure to set forth claims in such a manner places the onus on the court to decipher which, if any, facts support which claims, as well as to determine whether a plaintiff is entitled to the relief sought. *Haynes v. Anderson & Strudwick, Inc.*, 508 F.Supp. 1303, 1307, n.1 (D.C.Va. 1981). Enforcement of this rule is discretionary with the Court, but such enforcement is appropriate where it is necessary to facilitate a clear presentation of the claims. *See*, *Benoit v. Ocwen Financial Corp., Inc.*, 960 F.Supp. 287 (S.D.Fla. 1997), *affirmed* 162 F.3d 1177 (compliance with rule required where allegations were so confusing and conclusory, claims were commingled, and impossible to determine nature of claims). In other words, Munene may not simply reference other documents in a complaint and expect the Court and other parties to search for facts that may support his claim(s); a complaint itself must set forth sufficient facts that serves to put defendants on notice as to the nature and basis of the claim(s).

VI. *Requirement that Action State a Claim on Which Relief Can be Granted*

The United States Supreme Court has determined that, in order to survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its facts." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

1  (2007).  While a complaint need not plead "detailed factual allegations," the factual

2  allegations it does include "must be enough to raise a right to relief above the speculative

3  level." *Id*. at 555.  Indeed, Fed.R.Civ.P. 8(a)(2) requires a showing that a plaintiff is entitled

4  to relief "rather than a blanket assertion" of entitlement to relief.  *Id*. at 555 n. 3.  The

5  complaint "must contain something more . . . than . . . a statement of facts that merely

6  creates a suspicion [of] a legally cognizable right to action." *Id*. at 555.  Although a motion

7  to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) has not been filed in this case, the Court

8  considers these standards in screening Munene's Complaint to determine if Munene has

9  "nudge[d] [his] claims across the line from conceivable to plausible." *Id*. at 570.    The

10  Court also considers that the Supreme Court has cited *Twombly* for the traditional

11  proposition that "[s]pecific facts are not necessary [for a pleading that satisfies Rule

12  8(a)(2)]; the statement need only 'give the defendant fair notice of what the . . . claim is and

13  the grounds upon which it rests.'"  *Erickson v. Pardue*, 551 U.S. 89 (2007); *see also*

14  *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 515 (2002) (a complaint need not plead a prima

15  facie case of discrimination, but a plaintiff must plead "enough facts to state a claim to relief

16  that is plausible on its face"), *quoting Twombly*, 550 U.S. at 570.

17      In discussing *Twombly*, the Ninth Circuit has stated:

18  "A claim has facial plausibility," the Court explained, "when the plaintiff pleads
   factual content that allows the court to draw the reasonable inference that the
19  defendant is liable for the misconduct alleged." 129 S.Ct. at 1949.  "The plausibility
   standard is not akin to a 'probability requirement,' but it asks for more than a sheer
20  possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S.
   at 556, 127 S.Ct. 1955).  "Where a complaint pleads facts that are 'merely consistent
21  with' a defendant's liability, it 'stops short of the line between possibility and
   plausibility of entitlement to relief.'"  *Id*. (quoting *Twombly*, 550 U.S. at 557, 127
22  S.Ct. 1955).

23  In sum, for a complaint to survive a motion to dismiss, the non-conclusory "factual
   content," and reasonable inferences from that content, must be plausibly suggestive
24  of a claim entitling the plaintiff to relief.  *Id*.

25  *Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009).

26      This Court must take as true all allegations of material fact and construe them in the

27  light most favorable to Munene.  *See Cervantes v. United States*, 330 F.3d 1186, 1187 (9th

28

Cir. 2003).  In general, a complaint is construed favorably to the pleader.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds*, 457 U.S. 800.  Nonetheless, the Court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations.  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  Furthermore, the Court is not to serve as an advocate of a *pro se* litigant, *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), in attempting to decipher a complaint.

VII.  *Race, Color, and National Origin Discrimination – Adverse Action*

It is unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C.A. § 2000e-2.  Munene must allege: (1) he belongs to a class of persons protected by Title VII; (2) he performed his job satisfactorily; (3) he suffered an adverse employment action; and (4) Defendant employer treated Munene differently than a similarly situated employee who does not belong to the same protected class as Munene.  *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006). When a complaint does not plead a prima facie case for discrimination, courts may still look to those elements "to decide, in light of judicial experience and common sense, whether the challenged complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Fitch v. San Francisco Unified Sch. Dist.*, 2015 WL 6551668, at *5 (N.D. Cal. Oct. 29, 2015), *quoting Achal v. Gate Gourmet, Inc.*, 2015 WL 4274990, at *7 (N.D. Cal. July 14, 2015); *see also Swierkiewicz*, 534 U.S. at 515.

In this case, Munene has conclusorily alleged he was subject to unequal terms and conditions of his employment, but has not alleged any facts showing this inequality.  Further, he has not alleged any facts that he was treated differently than a similarly situated employee who does not belong to the same protected class as Munene.  The Court finds there are insufficient factual allegations, accepted as true, to find Munene has stated a claim

1   for relief that is plausible on its face.  The Court will dismiss this claim without prejudice.

2

3   VIII.  *Race, Color, and National Origin Discrimination – Hostile Environment*

4           To allege a hostile work environment claim based on race, Munene must state

5   sufficient facts alleging "(1) that he was subjected to verbal or physical conduct of a racial

6   . . . nature; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently

7   severe or pervasive to alter the conditions of [Munene's] employment and create an abusive

8   work environment." *Reynaga v. Roseburg Forest Prods.,* 847 F.3d 678, 686 (9th Cir. 2017),

9   *citing Vasquez v. Cty. of Los Angeles,* 349 F.3d 634, 642 (9th Cir. 2003).  In considering

10  whether a work environment has been alleged to be sufficiently hostile, the Court examines

11  the "frequency of the discriminatory conduct; its severity; whether it is physically

12  threatening or humiliating, or a mere offensive utterance; and whether it unreasonably

13  interferes with an employee's work performance."  *Faragher v. City of Boca Raton,* 524

14  U.S. 775, 787–88 (1998), *quoting Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 23 (1993) .

15  "[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious)" are

16  not sufficient to create an actionable claim under Title VII, but the harassment need not be

17  so severe as to cause diagnosed psychological injury.  *Faragher,* 524 U.S. at 788.  It is

18  enough "if such hostile conduct pollutes the victim's workplace, making it more difficult for

19  her to do her job, to take pride in her work, and to desire to stay in her position." *Reynaga,*

20  847 F.3d at 687, *quoting  Steiner v. Showboat Operating Co.,* 25 F.3d 1459, 1463.  Further,

21  a plaintiff must allege the work environment was both subjectively and objectively hostile.

22  *Reynaga,* 847 F.3d at 687, *citing Nichols v. Azteca Rest. Enters., Inc.,* 256 F.3d 864, 871-72

23  (9th Cir. 2001).

24          Munene has alleged he was wrongfully terminated based on protected classes, but

25  does not allege any conduct of a hostile work environment, either subjectively or

26  objectively.  The Court finds Munene has failed to state a claim upon which relief could be

27  granted.  The Court will dismiss this claim without prejudice.

28

1    IX.  *Retaliation*

2          Title VII prohibits an employer from "discriminat[ing] against any of [its] employees

3    . . . because he has opposed any practice made an unlawful employment practice by this

4    subchapter, or because he has made a charge, testified, assisted, or participated in any

5    manner in an investigation, proceeding, or hearing under this subchapter.." 42 U.S.C. §

6    2000e–3(a).  Title VII retaliation claims "require the plaintiff to prove that the employer

7    acted with conscious intent to discriminate." *McDonnell Douglas Corp. V. Green*, 411 U.S.

8    792, 805-06 (1973); *see also Yartzoff v. Thomas*, 809 F.2d 1371, 1375 (9th Cir.1987), *citing

9    Ruggles v. Cal. Polytechnic State Univ.*, 797 F.2d 782, 784 (9th Cir.1986)) (The *McDonnell

10   Douglas* framework and allocation of proof that governs disparate treatment claims also

11   governs retaliation claims.).    Alternate to the *McDonnell Douglas* burden shifting

12   framework, a plaintiff may proceed with "direct or circumstantial evidence demonstrating

13   that a discriminatory reason more likely than not motivated the employer." *Surrell v.

14   California Water Serv. Co.*, 518 F.3d 1097, 1105 (9th Cir. 2008), *citations omitted.*

15          Munene must allege (1) engagement in a protected activity; (2) an adverse

16   employment action; and (3) a causal link between the two.  *Brooks v. City of San Mateo*,

17   229 F.3d 917, 928 (9th Cir. 2000).  Munene has alleged he engaged in protected activity and

18   suffered an adverse employment action.  Further, although not alleged in the Complaint, the

19   EEOC decision, attached to the Complaint, indicates some of the protected activity

20   "occurred soon before his proposed removal."  Complaint, Attachment (Doc. 1, ECF p. 22

21   of 25).  *See Grabowski v. Arizona Bd. of Regents*, 69 F.4th 1110, 1122 (9th Cir. 2023)

22   (causal link element of the retaliation framework is construed "broadly" and proximity in

23   time may provide circumstantial evidence of causal link); *Porter v. California Dep't of

24   Corr.*, 419 F.3d 885, 895 (9th Cir. 2005); *but see Kama v. Mayorkas*, 107 F.4th 1054, 1060

25   (9th Cir. 2024) (investigation may defeat any causal inference that might otherwise follow

26   from the temporal proximity between a plaintiff's protected activity and the termination of

27   his employment).  The Court finds Munene has stated a claim for retaliation.

28

1    X.  *Procedural Due Process*

2            The United States Supreme Court has found that, to state a claim for a violation of

3    the Due Process Clause of the Fourteenth Amendment, a plaintiff must allege that a

4    defendant denied plaintiff a specific right protected by the federal constitution without

5    procedures required by the Constitution to ensure fairness (procedural due process), or

6    deliberately abused his power without any reasonable justification in aid of any government

7    interest or objective and only to oppress in a way that shocks the conscience (substantive

8    due process). *Sandin v. Connor*, 515 U.S. 472, 483-84 (1995); *Daniels v. Williams*, 474

9    U.S. 327 (1986); *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972).

10   To allege a procedural due process claim, a plaintiff must allege that there is a liberty or

11   property interest protected by the Constitution, there has been a deprivation of the interest

12   by the government, and a lack of process. *Portman v. County of Santa Clara*, 995 F.2d 898,

13   904 (9th Cir. 1993).

14           As summarized by another court:

15           Procedural due process requires that certain substantive rights—including the
16           property interest established by certain kinds of federal employment—cannot be
             deprived unless constitutionally adequate procedures are followed. *Stone v. Fed.*
17           *Deposit Ins. Corp.*, 179 F.3d 1368, 1375 (Fed.Cir.1999) *(quoting Cleveland Bd. of*
             *Educ. v. Loudermill*, 470 U.S. 532, 541, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985)).
18           Applicable to this case are "[t]he essential requirements of due process, ... notice and
             an opportunity to respond." *Id*. at 1375–76 *(quoting Loudermill*, 470 U.S. at 546,
19           105 S.Ct. 1487). As such, an employee is entitled to notice of the charges against
             him, an explanation of the employer's evidence, and an opportunity to present his
20           side of the story before termination. *Id*. at 1376 *(quoting Loudermill*, 470 U.S. at
             546, 105 S.Ct. 1487); *see also Douglas v. Veterans Admin.*, 5 MSPB 313, 5 M.S.P.R.
21           280, 304 (1981).

22   *Young v. Dep't of Hous. & Urb. Dev.*, 706 F.3d 1372, 1376 (Fed. Cir. 2013)

23           Munene appears to be attempting to allege procedural due process violations by the

24   Department of Homeland Security/Customs and Border Patrol ("Agency") by misleading

25   him to believe he should file a discrimination claim with the EEOC, by providing him with

26   notice of incorrect appellate rights following a decision by the Agency, by failing to issue

27   a new final decision which included notice of the correct appellate rights despite the EEOC

28   directing such action, by failing to include the Table in the Notice of Removal Letter, by

1    introducing new information (i.e., the Table) in the Removal Letter despite its absence from

2    the Notice of Removal Letter, by reliance upon that new information to remove Munene

3    from the Federal Service, by never providing the Table to Munene, and by hiding evidence.

4    Additionally, Munene appears to be attempting to allege a procedural due process violation

5    by the MSPB's issuance of an order that did not include a discussion of the appropriate

6    penalty from the Table.

7        Munene asserts he was prejudiced by these lacks of procedural due process.  The

8    Court recognizes an "award [of] nominal damages when a plaintiff establishes the violation

9    of his right to procedural due process but cannot prove actual injury" may be appropriate.

10   *Farrar v. Hobby*, 506 U.S. 103, 112 (1992); *Weinberg v. Whatcom Cnty.*, 241 F.3d 746, 752

11   (9th Cir. 2001) (plaintiff "need not prove actual damages to have an actionable procedural

12   due process claim").

13       Munene has adequately alleged a property interest in his employment.  *See* 5 U.S.C.

14   §§7513 and 7703; *Young v. Dep't of Hous. & Urb. Dev.*, 706 F.3d 1372, 1376 (Fed. Cir.

15   2013).  Additionally, a "tenured public employee is entitled to oral or written notice of the

16   charges against him, an explanation of the employer's evidence, and an opportunity to

17   present his side of the story."  *Loudermill*, 470 U.S. at 546, *citations omitted*.  Munene is

18   alleging he received inadequate notice of the charges against him and an inadequate

19   explanation of the Agency's evidence.[2]  Munene has not detailed the reference to the Table

20   in the Notice of Removal Letter, so it is unclear if he was advised of what he was accused,

21   merely referred to a section of the Table, or provided no details at all.  Further, as Munene

22   has alleged Defendant hid evidence from the EEOC, Munene appears to be alleging he did

23   not have an opportunity to present his side of the story.  The Court finds Munene has

24

25   _____

26       [2]The Court notes the Table is available online.  Table, https://www.ice.gov/doclib/
     foia/policy/1022.1_TableOfOffensesPenalties_Guidance.pdf.  *See Arizona Libertarian Party*

27   *v. Reagan*, 798 F.3d 723, 727 (9th Cir. 2015), *citations omitted* (the court may take judicial
     notice of "official information posted on a governmental website, the accuracy of which [is]

28   undisputed").

1   alleged a claim for procedural due process violations against the Agency.

2       However, as to Munene's claim that the MSPB's issuance of an order that did not

3   include a discussion of the appropriate penalty from the Table constitutes a procedural due

4   process violation, Munene's allegations fail to state a procedural due process violation.

5   Munene did not include a copy of the MSPB's Order; however, he has not alleged this Order

6   provided inadequate notice of the charges against Munene and/or an inadequate explanation

7   of the Agency's evidence.  The Court will dismiss this claim without prejudice.

8

9   XI.  *Service vs. Amended Complaint*

10      The Court has found Munene has adequately alleged claims of retaliation and

11  procedural due process as to the Agency.  Munene, therefore, may arrange for service of the

12  Complaint upon Defendant in compliance with Fed.R.Civ.P. 4.  Alternatively, Munene may

13  choose to submit an Amended Complaint to attempt to state claims upon which relief may

14  be granted as to those claims dismissed without prejudice (discrimination, procedural due

15  process as to MSPB Order).  *See Noll*, 809 F.2d at 1448 (leave to amend is liberally granted

16  unless absolutely clear deficiencies cannot be cured by amendment);  *Bank v. Pitt*, 928 F.2d

17  1108, 1112 (11th Cir. 1991) (if a court determines  dismissal is appropriate, a plaintiff must

18  be given at least one chance to amend a complaint when a more carefully drafted complaint

19  *might* state a claim).

20      Munene is advised that all causes of action alleged in the original complaint which

21  are not alleged in any amended complaint will be waived.  *Hal Roach Studios v. Richard*

22  *Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the

23  original"); *King v. Atiyeh*, 814 F.2d 565 (9th Cir. 1987).  Any amended complaint filed by

24  Munene must be retyped or rewritten in its entirety and may not incorporate any part of the

25  original complaint by reference.  Any amended complaint submitted by Munene shall be

26  clearly designated as an amended complaint on the face of the document.

27      Munene should take notice that if he fails to timely comply with every provision of

28

1  this Order, this action will be dismissed pursuant to Rule 41(b), Fed.R.Civ.P.  *See Ferdik*

2  *v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992) (District Court may dismiss action for failure to

3  comply with any order of the Court), *cert. denied*, 506 U.S. 915 (1992).

4

5          Accordingly, IT IS ORDERED:

6          1.      Munene's Application to Proceed in District Court Without Prepaying Fees or

7  Costs (Doc. 2) is GRANTED.

8          2.      Munene's Motion to Allow Electronic Filing by a Party Appearing Without an

9  Attorney (Doc. 4) is GRANTED.

10         3.      Munene may electronically file documents in this case pursuant to the ECF

11 Administrative Policies and Procedures Manual, Section II.B.3.

12         4.      Munene must comply with all rules outlined in the District of Arizona's Case

13 Management/Electronic Case Filing Administrative Policies and Procedures Manual, have

14 access to the required equipment and software, have a personal electronic mailbox of

15 sufficient capacity to send and receive electronic notice of case related transmissions, be

16 able to electronically transmit documents to the court in .pdf, complete and submit the Non-

17 Attorney E-File Registration[3] within five (5) days of the date of this Order, and comply with

18 the privacy policies of the Judicial Conference of the United States, the E-Government Act

19 of 2002, and Fed.R.Civ.P. 5.2.  Any misuse of the ECF system will result in immediate

20 discontinuation of this privilege and disabling of the password assigned to Munene.

21         5.      The Munene's claims for discrimination and a violation of due process as to

22 the MSPB Order are DISMISSED WITHOUT PREJUDICE.

23         6.      Munene SHALL HAVE thirty (30) days from the date of filing of this Order

24 to file an amended complaint.  All causes of action alleged in the original complaint which

25 are not alleged in any amended complaint will be waived.  Any amended complaint filed by

26

27         ───────────────────

28         [3]*See* https://www.azd.uscourts.gov/sites/azd/files/Non-Attorney%20E-File%20Regis
   tration.pdf; https://pacer.uscourts.gov/register-account/non-attorney-filers-cmecf.

1 | Munene must be retyped or rewritten in its entirety and may not incorporate any part of the

2 | original complaint by reference.  Any amended complaint submitted by Hill shall be clearly

3 | designated as an amended complaint on the face of the document.  Any amended complaint

4 | shall comply with the general pleadings requirements as discussed herein.

5 |         7.      If Munene chooses to proceed with the original Complaint as to only the

6 | claims determined by the Court herein to have adequately stated a claim upon which relief

7 | may be granted, Munene shall include a copy of this Order with service of the Summons and

8 | Complaint upon Defendant.  If Munene does not either obtain a waiver of service of the

9 | summons or complete service of the Summons, Complaint, and this Order on a Defendant

10 | within 90 days of the filing of the Complaint or within 60 days of the filing of this Order,

11 | whichever is later, the action may be dismissed as to each Defendant not served.

12 | Fed.R.Civ.P. 4(m); LRCiv 16.2(b)(2)(B)(ii).[4]

13 |         8.      Defendant must answer the relevant portions of the Complaint or otherwise

14 | respond by appropriate motion within the time provided by the applicable  provisions of

15 | Rule 12(a) of the Federal Rules of Civil Procedure.

16 |         9.      Any answer or response must state the specific Defendant by name on whose

17 | behalf it is filed.  The Court may strike any answer, response, or other motion or paper that

18 | does not identify the specific Defendant by name on whose behalf it is filed.

19 |         10.     A clear, legible copy of every pleading or other document filed SHALL

20 | ACCOMPANY each original pleading or other document filed with the Clerk for use by the

21 | District Judge to whom the case is assigned.  See L.R.Civ. 5.4.  Failure to submit a copy

22 | along with the original pleading or document will result in the pleading or document being

23 | stricken without further notice to Munene.

---

[4]Because Munene's Request to Proceed without Prepaying Fees has been granted, the Court advises Munene he may seek assistance of service if needed. *See generally Boudette v. Barnette*, 923 F.2d 754 (9th Cir. 1991) (Where an *in forma pauperis* plaintiff seeks assistance of service, the Court may direct the United States Marshal's Office to effectuate service.).

1    11.    At all times during the pendency of this action, Munene shall immediately

2    advise the Court of any change of address and its effective date.  Such notice shall be

3    captioned "NOTICE OF CHANGE OF ADDRESS".    The notice shall contain only

4    information pertaining to the change of address and its effective date.  The notice shall not

5    include any motions for any other relief.  Munene shall serve a copy of the Notice of

6    Change of Address on all served opposing parties.  Failure to file a NOTICE OF CHANGE

7    OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to

8    Fed.R.Civ.P.  41(b).

9    DATED this 6th day of March, 2025.

10

11

12    _____
                      Cindy K. Jorgenson
                      United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28