**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Jim Munene,                          )
                                     )
            Plaintiff,               )
                                     )        No. CIV 25-050-TUC-CKJ
vs.                                  )
                                     )              **ORDER**
Kristi Noem, Secretary Department of )
Homeland Security,                   )
                                     )
            Defendant.               )
_____)

        Pending before the Court are the April 6, 2025, Amended Complaint (Doc. 7) and a Request for Service of Defendant by U.S. Marshals (Doc. 8) filed by Plaintiff Jim Munene ("Munene").

I.  *Screening Order*

        As the Court discussed in its March 7, 2025, Order, this Court is required to dismiss a case if the Court determines that the allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or if the Court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The Court will screen Munene's Amended Complaint ("Am. Comp.") herein.

II.  *Munene's Amended Complaint*

        Munene has filed his Am. Comp. against Defendant Kristi Noem, Secretary,

Department of Homeland Security ("Defendant" or "DHS").[1]  The Am. Comp. alleges Munene was employed as a Supervisory Border Patrol Agent for approximately 11 years and received successful performance ratings throughout his career until he was unfairly removed.  Munene alleges he received a Notice of Removal from Federal Service on or about February 27, 2018, and he was removed from service on or about May 30, 2018. Munene alleges he is African-American, Black, and originally from Kenya and that he was discriminated against based on his race, color, and national origin.  He further alleges a hostile environment and retaliation from prior protected activity of equal employment opportunity cases.  Munene also alleges his procedural due process rights have been violated.

Munene alleges he was charged with sleeping on duty although he had not been asleep on duty.  Munene was then removed from the service. Further, Munene alleges that, even if he had been asleep on duty for approximately 30 minutes (as he was charged), this conduct was not a removable offense for a first offense according to the U.S. Customs and Immigration Enforcement ("ICE"), Table of Offenses and Penalties ("Table").[2]  Munene alleges he was charged for being absent without leave ("AWOL") at work for one day and, shortly thereafter, he was removed from the service as pretext. Munene alleges the main reason for his removal from service was race/color/national origin discrimination.

Munene alleges Hispanic Michael Alvarado ("Alvarado"), a similarly situated

---

[1]As to the Title VII claims by a federal employee, the only appropriate defendant is the head of the department, agency, or unit, as appropriate, in his or her official capacity. *Cooper v. U.S. Postal Service*, 740 F.2d 714, 715–16 (9th Cir.1984).  The Ninth Circuit makes clear a federal employee pursuing a Title VII claim against the government is "precluded from asserting discrimination claims against individual federal employees who may have participated in the case." *Williams v. United States General. Servs. Admin.*, 905 F.2d 308, 311 (9th Cir.1990).

[2]Table, https://www.ice.gov/doclib/foia/policy/1022.1_TableOfOffensesPenalties_Guidance.pdf.  *See Arizona Libertarian Party v. Reagan*, 798 F.3d 723, 727 (9th Cir. 2015), *citations omitted* (the court may take judicial notice of "official information posted on a governmental website, the accuracy of which [is] undisputed").

supervisor from the Ajo Border Patrol Station had been similarly charged for being AWOL for one day but was not removed from the service and received favorable treatment. Further, the Order of the Merit System Protection Board ("MSPB") did not mention the alleged similarly situated supervisor Alvarado and discuss him as a comparator. Munene also alleges the Ajo Border Patrol Station has never had a supervisor other than African American Munene removed from the service for sleeping on duty for a first offense. Munene also alleges the MSPB Administrative Judge found Hispanic supervisor Guillermo Gonzalez ("Gonzalez")[3] credible, despite a history of being unruly and disruptive, including cursing and yelling vulgarities at Border Patrol Agents and a civilian African American motorist, at a Border Patrol Checkpoint. Munene alleges the Hispanic Gonzalez received deference and favorable treatment from DHS and was not appropriately reprimanded or removed from the service because of his Hispanic race.

Munene alleges DHS created abusive and intolerable work conditions, resulting in a hostile environment:

• Although Munene changed his work hours to attend a scheduled Investigation Interview with an Equal Employment Opportunity Investigator, DHS said Munene was AWOL after learning Munene initiated an EEO investigation. DHS also charged Munene with leaving the Ajo Border Patrol Camp without permission and neglecting his duties.

• Thereafter Deputy Patrol Agent Daniel Parra systematically retaliated against Munene.

• Munene was ultimately removed from the service with subsequent alleged charges of AWOL.

• "The AWOL complaint that [Munene] filed with the EEO was suppressed evidence that was hidden away from the instant complaint." Am. Comp. (Doc. 7, p. 6),

---

[3]The Am. Comp. refers to Gonzalez as a defendant. However, he is not named as a defendant in either the caption or the portion of the Complaint form which lists defendants.

1    *citation omitted*.

2    • Munene was threatened by Hispanic Watch Commander Gilberto Ramirez

3    ("Ramirez") to "never report any prohibited personnel practices to the EEO but only

4    report to [DHS]."  *Id*. at 7. Munene was scared and humiliated and wrote a

5    memorandum to the Chief of the Border Patrol, Rudolfo Karisch.

6    • The complaint "was never resolved but [DHS] hid the evidence in a separate case

7    to suppress discovery information." *Id*, *citation omitted*.  DHS withheld evidence,

8    "claiming it was part of an ongoing administrative case with the EEOC and not ready

9    for presentation." *Id*., *citation omitted*.

10   • DHS manipulated evidence after investigation to deny Munene a fair opportunity

11   to present evidence.

12   Munene alleges he was charged with being AWOL on the same date he engaged in

13   the EEO investigation interview.  Munene summarizes the EEO investigation as follows:

14   The EEO Investigation was about [Ramirez], on 28MAR2014, who threatened
     [Munene] to cease reporting [Ramirez] prohibited personnel practices information
15   to the EEO Investigation or [Munene] would face dire consequences for
     insubordination. [Ramirez] then denied [Munene] a performance bonus on
16   20OCT2016 unlike supervisor [Alvarado], from the Hispanic race, who was given
     a performance bonus. [Ramirez] then suppressed the material evidence by hiding the
17   evidence into another EEOC case that is separate from the instant case.

18   Am. Comp. (Doc. 7, p. 7), *citing* Exhibit 6; HWE & AWOL Claim; EEOC No.

19   540-2017-00337X.

20   Munene also alleges Defendant misled Munene to believe the Equal Employment

21   Opportunity Commission ("EEOC") was the correct avenue to file a discrimination claim,

22   rather than the correct method of filing a mixed case to the MSPB ("MSPB").  Specifically,

23   Defendant incorrectly issued a Notice to File a discrimination claim to the EEOC, but not

24   the MSPB.  Munene alleges he, appearing *pro se*, was prejudiced to believe that he was

25   dealing with a discrimination complaint but not a merit complaint.  Munene also alleges

26   Defendant "deviously self-manufactured an Errata" and misled "the EEOC to give a

27   confusing Order that vacated Defendant's Final Agency Decision (FAD) . . .  However, the

28

1    EEOC then vacated its very own first Order that vacated the FAD, after being misle[d] again

2    by Defendant."  Am. Comp. (Doc. 7, p. 7).

3         Munene also alleges the MSPB Order was issued without procedural due process

4    because Munene's rights were violated by Defendant:  Munene asserts the Notice of

5    Removal Letter from Defendant did not include the Table that was referenced in the

6    Removal Letter; further, Munene asserts Defendant violated his due process right by

7    introducing new information (i.e., the Table) in the Removal Letter despite its absence from

8    the Notice of Removal Letter and then Defendant's reliance upon that new information to

9    remove Munene from the Federal Service.  Additionally, Munene asserts he was prejudiced

10   by the MSPB Order because it did not include a discussion of the appropriate penalty from

11   the Table; Munene alleges the discussion of "the newly introduced Table of Penalties in the

12   Douglas Factors meant that the MSPB Order was blind to the Table of Penalties."  Am.

13   Comp. (Doc. 7, p. 8).

14        Munene alleges his procedural due process rights were violated by Defendant

15   misleading him to file a discrimination claim with the EEOC and the subsequent actions

16   does not cure that violation.  Munene also alleges Defendant burying evidence after it

17   investigated itself, hiding the evidence contrary to discovery requirements, and untimely

18   raising new information (the Table), further violated his procedural due process rights.

19   Additionally, Munene alleges his procedural due process rights were violated by the MSPB

20   Order's reliance on Removal Letter and the Table without including all information and an

21   incorrect application of the Douglas factors.[4]

22        Munene's requested relief includes the reinstatement of his employment and

23   restoration of full benefits, $15,000,000 in actual damages, and $5,000,000 in punitive

24   damages.

25        Attached to the Complaint is the January 8, 2025, EEOC decision of its review of the

26

27   _____

28        [4]It appears Munene is referring to *Douglas v. Veterans Administration*, 5 M.S.P.R.
     280, 306-07 (1981), rather than *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

Final Order issued by the MSPB concerning Munene's claims of discrimination (Doc. 7-1), the February 12, 2020, EEOC decision on appeal (Doc. 7-2), the March 5, 2020, MSPB Decision on Munene's mixed case appeal (Doc. 7-3), the July 11, 2024, MSPB Final Order (Doc. 7-4), the March 9, 2017, Correspondence from an EEO Investigator (Doc. 7-5), and the December 18, 2018, EEOC Order following initial case conference (Doc. 7-6).  The January 8, 2025, EEOC decision advised Munene he had the right to file a civil action within thirty (30) calendar days of the date Munene received the decision.  Munene initiated this action on February 5, 2025.

III.  *Requirements of Complaint; Allegations Stating Claims on Which Relief May be Granted*

As the Court previously stated, a "complaint is to contain a 'short and plain statement of the claim showing that the pleader is entitled to relief[.]'" March 7, 2025, Order (Doc. 6, p. 5), *quoting* Fed.R.Civ.P. 8(a).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint must set forth sufficient facts that serves to put defendants on notice as to the nature and basis of the claim(s).  Failure to name potential defendants or sufficient facts to advise a defendant of the claim(s) may result in no claim(s) being presented against a defendant.

The Court's March 7, 2025, Order also advised Munene a plaintiff must allege "enough facts to state a claim to relief that is plausible on its [face]" and the factual allegations included "must be enough to raise a right to relief above the speculative level." March 7, 2025, Order (Doc. 6, pp. 6-7), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

While the Court must take as true all allegations of material fact and construe them in the light most favorable to Munene, *Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir.  2003), the Court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations.  *Western Mining Council v. Watt*, 643

1  F.2d 618, 624 (9th Cir. 1981).

2

3  IV.  *Race, Color, and National Origin Discrimination – Adverse Action*

4          It is unlawful for an employer "to discharge any individual, or otherwise to

5  discriminate against any individual with respect to his compensation, terms, conditions, or

6  privileges of employment, because of such individual's race, color, religion, sex, or national

7  origin[.]" 42 U.S.C.A. § 2000e-2.  Munene must allege: (1) he belongs to a class of persons

8  protected by Title VII; (2) he performed his job satisfactorily; (3) he suffered an adverse

9  employment action; and (4) Defendant employer treated Munene differently than a similarly

10 situated employee who does not belong to the same protected class as Munene.  *Cornwell*

11 *v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006). When a complaint does

12 not plead a prima facie case for discrimination, courts may still look to those elements "to

13 decide, in light of judicial experience and common sense, whether the challenged complaint

14 contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible

15 on its face." *Fitch v. San Francisco Unified Sch. Dist.*, 2015 WL 6551668, at *5 (N.D. Cal.

16 Oct. 29, 2015), *quoting Achal v. Gate Gourmet, Inc.*, 2015 WL 4274990, at *7 (N.D. Cal.

17 July 14, 2015); *see also Swierkiewicz*, 534 U.S. at 515.

18         Munene alleges he is an African American Black with a national origin of Kenya.

19 Munene has also alleged he consistently received successful performance ratings throughout

20 his career until he was unfairly removed.  Munene further alleges he unfairly received an

21 AWOL designation and removal from service.  Further, DHS treated Munene differently

22 from Gonzalez who was a similarly situated employee who does not belong to the same

23 protected class as Munene.

24         The Court finds Munene adequately alleges he is in a protected class, performed his

25 job satisfactorily, suffered an adverse employment action, and was treated differently than

26 a similarly situated employee who did not belong to the same protected class as Munene.

27 The Court finds Munene adequately alleges an adverse action discrimination claim against

28

1    DHS.

2

3    V.  *Race, Color, and National Origin Discrimination – Hostile Environment*

4           To allege a hostile work environment claim based on race, color, or national origin,

5    Munene must state sufficient facts alleging "(1) that he was subjected to verbal or physical

6    conduct of a racial . . . nature; (2) that the conduct was unwelcome; and (3) that the conduct

7    was sufficiently severe or pervasive to alter the conditions of [Munene's] employment and

8    create an abusive work environment." *Reynaga v. Roseburg Forest Prods.,* 847 F.3d 678,

9    686 (9th Cir. 2017), *citing Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 642 (9th Cir.

10   2003).  In considering whether a work environment has been alleged to be sufficiently

11   hostile, the Court examines the "frequency of the discriminatory conduct; its severity;

12   whether it is physically threatening or humiliating, or a mere offensive utterance; and

13   whether it unreasonably interferes with an employee's work performance." *Faragher v. City*

14   *of Boca Raton*, 524 U.S. 775, 787–88 (1998), *quoting Harris v. Forklift Sys., Inc.*, 510 U.S.

15   17, 23 (1993).  "[S]imple teasing, offhand comments, and isolated incidents (unless

16   extremely serious)" are not sufficient to create an actionable claim under Title VII, but the

17   harassment need not be so severe as to cause diagnosed psychological injury.  *Faragher*,

18   524 U.S. at 788.  It is enough "if such hostile conduct pollutes the victim's workplace,

19   making it more difficult for [him] to do [his] job, to take pride in [his] work, and to desire

20   to stay in [his] position." *Reynaga*, 847 F.3d at 687, *quoting Steiner v. Showboat Operating*

21   *Co.*, 25 F.3d 1459, 1463.  Further, a plaintiff must allege the work environment was both

22   subjectively and objectively hostile.  *Reynaga*, 847 F.3d at 687, *citing Nichols v. Azteca*

23   *Rest. Enters., Inc.*, 256 F.3d 864, 871-72 (9th Cir. 2001).

24           Munene alleges DHS's retaliatory and due process violations contributed to a hostile

25   work environment.  The Ninth Circuit has determined that harassment as retaliation is

26   actionable as a hostile work environment.  *Ray v. Henderson*, 217 F.3d 1234, 1245 (9th Cir.

27   2000).  However, Munene does not allege he was subjected to verbal or physical conduct

28

of a *racial nature*. For example, he alleges Gonzalez cursed and yelled vulgarities at him, other agents, and a civilian African American motorist, but he does not allege Gonzalez made any reference to race, color, or national origin. While a plaintiff may not necessarily need to allege all elements of a *prima facie* case to adequately allege a claim, *Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1050 n.2 (9th Cir. 2012), the allegations must be more than speculative or conclusory. Other than the allegations of his race, color, and national origin, Munene has failed to "allege any other facts supporting an inference that race[/color/national origin] was a motivating factor in [the hostile environment]." *McCann v. Wilkie*, No. CV 21-1389 PA (MAAX), 2021 WL 4732577, at *3 (C.D. Cal. Sept. 28, 2021). "At most, [Munene's] current allegations show it is possible, rather than plausible, that [DHS] created a hostile work environment." *Id*. at *4; *see also Villa v. Arizona*, No. CV-17-03557-PHX-JAT, 2019 WL 1858138, at *17 (D. Ariz. Apr. 25, 2019) (no indication harassment was related to protected class).

The Court finds Munene has failed to adequately allege a hostile work environment claim and will dismiss this claim.

VI. *Retaliation*

Title VII prohibits an employer from "discriminat[ing] against any of [its] employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter. . ." 42 U.S.C. § 2000e–3(a). Title VII retaliation claims "require the plaintiff to prove that the employer acted with conscious intent to discriminate." *McDonnell Douglas*, 411 U.S. at 805-06; *see also Yartzoff v. Thomas*, 809 F.2d 1371, 1375 (9th Cir.1987), *citing Ruggles v. Cal. Polytechnic State Univ.*, 797 F.2d 782, 784 (9th Cir.1986)) (The *McDonnell Douglas* framework and allocation of proof that governs disparate treatment claims also governs retaliation claims.). Alternate to the *McDonnell Douglas* burden shifting framework, a

plaintiff may proceed with "direct or circumstantial evidence demonstrating that a discriminatory reason more likely than not motivated the employer." *Surrell v. California Water Serv. Co.*, 518 F.3d 1097, 1105 (9th Cir. 2008), *citations omitted*.

Munene must allege (1) engagement in a protected activity; (2) an adverse employment action; and (3) a causal link between the two. *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000). Munene alleges he engaged in protected activity and suffered an adverse employment action. Further, Munene alleges the Notice of Removal was issued on February 27, 2018, he participated in an EEOC investigation on March 9, 2018,[5] DHS charged him with being AWOL on March 9, 2018, he was removed on May 30, 2018, and he filed the EEOC complaint on or about July 30, 2018. In other words, the alleged retaliation occurred close in time following the protected activity. *See Grabowski v. Arizona Bd. of Regents*, 69 F.4th 1110, 1122 (9th Cir. 2023) (causal link element of the retaliation framework is construed "broadly" and proximity in time may provide circumstantial evidence of causal link); *Porter v. California Dep't of Corr.*, 419 F.3d 885, 895 (9th Cir. 2005); *but see Kama v. Mayorkas*, 107 F.4th 1054, 1060 (9th Cir. 2024) (investigation may defeat any causal inference that might otherwise follow from the temporal proximity between a plaintiff's protected activity and the termination of his employment). The Court finds Munene has stated a claim for retaliation.

X. *Procedural Due Process*

The United States Supreme Court has found that, to state a claim for a violation of the Due Process Clause of the Fourteenth Amendment, a plaintiff must allege that a defendant denied plaintiff a specific right protected by the federal constitution without procedures required by the Constitution to ensure fairness (procedural due process), or deliberately abused his power without any reasonable justification in aid of any government

---

[5]Munene alleges the EEOC investigation related to Ramirez threatening him on March 28, 2014, to cease reporting complaints to the EEOC or face dire consequences. Munene also alleges he was denied a performance bonus on October 20, 2016.

interest or objective and only to oppress in a way that shocks the conscience (substantive due process). *Sandin v. Connor*, 515 U.S. 472, 483-84 (1995); *Daniels v. Williams*, 474 U.S. 327 (1986); *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972). To allege a procedural due process claim, a plaintiff must allege that there is a liberty or property interest protected by the Constitution, there has been a deprivation of the interest by the government, and a lack of process. *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993).

    As summarized by another court:

> Procedural due process requires that certain substantive rights—including the property interest established by certain kinds of federal employment—cannot be deprived unless constitutionally adequate procedures are followed. *Stone v. Fed. Deposit Ins. Corp.*, 179 F.3d 1368, 1375 (Fed.Cir.1999) *(quoting Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985)). Applicable to this case are "[t]he essential requirements of due process, ... notice and an opportunity to respond." *Id*. at 1375–76 (*quoting Loudermill*, 470 U.S. at 546, 105 S.Ct. 1487). As such, an employee is entitled to notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story before termination. *Id*. at 1376 (*quoting Loudermill*, 470 U.S. at 546, 105 S.Ct. 1487); *see also Douglas v. Veterans Admin.*, 5 MSPB 313, 5 M.S.P.R. 280, 304 (1981).

*Young v. Dep't of Hous. & Urb. Dev.*, 706 F.3d 1372, 1376 (Fed. Cir. 2013)

    Munene alleges procedural due process violations by DHS based on misleading him, misleading the EEOC, untimely submitting new information, arguing a Notice of Errata cured the violation, and hiding evidence. Munene also alleges a violation based on MSPB's issuance of an order that did not include a discussion of the appropriate penalty from the Table.

    Munene asserts he was prejudiced by these lacks of procedural due process. The Court recognizes an "award [of] nominal damages when a plaintiff establishes the violation of his right to procedural due process but cannot prove actual injury" may be appropriate. *Farrar v. Hobby*, 506 U.S. 103, 112 (1992); *Weinberg v. Whatcom Cnty.*, 241 F.3d 746, 752 (9th Cir. 2001) (plaintiff "need not prove actual damages to have an actionable procedural due process claim").

    Munene adequately alleges a property interest in his employment. *See* 5 U.S.C.

- 11 -

1  §§7513 and 7703; *Young v. Dep't of Hous. & Urb. Dev.*, 706 F.3d 1372, 1376 (Fed. Cir.
2  2013).  Additionally, a "tenured public employee is entitled to oral or written notice of the
3  charges against him, an explanation of the employer's evidence, and an opportunity to
4  present his side of the story."  *Loudermill*, 470 U.S. at 546, *citations omitted*.  Munene is
5  alleging he received inadequate notice of the charges against him and an inadequate
6  explanation of the Agency's evidence.  Munene has not detailed the reference to the Table
7  in the Notice of Removal Letter, so it is unclear if he was advised of what he was accused,
8  merely referred to a section of the Table, or provided no details at all.  Further, Munene
9  alleges DHS hid evidence, which affect the presentation of "material evidence necessary to
10 change the outcome of the [] case."  Am. Comp. (Doc. 7, p. 8).  The Court finds Munene
11 alleges a claim for procedural due process violations against DHS.

12         However, as to Munene's procedural due process claims regarding the MSPB's order,
13 Munene's allegations fail to state a procedural due process violation.  Munene does not
14 adequately allege he did not receive notice of the charges against him (as compared to
15 Munene's allegations DHS failed to provide timely notice of the Table), did not receive an
16 explanation of the employer's evidence, and was not afforded an opportunity to present his
17 side of the story before termination.  Rather, while the MSPB Order did not discuss the
18 Table in detail, it recognized that while the Table "did not support removal for each of the
19 charges, [it] did support removal for the most egregious charges, such as lack of candor, and
20 sleeping on the job where human life is jeopardized[.]" MSPB Order (Doc. 7-3, p. 25),
21 *citation omitted*.  Further, a review of the MSPB order shows it thoroughly explains the
22 evidence and demonstrates Munene had an opportunity to present his side of the story.  That
23 Munene disputes and disagrees with the evidence and conclusions does not state a
24 procedural due process claim.  The Court will dismiss this claim with prejudice.

25

26 XI.  *Request for Service of Defendant by U.S. Marshals* (Doc. 8)

27         Munene requests the Court's assistance in serving process on Defendant.  *Boudette*

28

*v. Barnette*, 923 F.2d 754 (9th Cir. 1991) (Where an *in forma pauperis* plaintiff seeks assistance of service, the Court may direct the United States Marshal's Office to effectuate service.).  The Court will grant the request.  *See generally* Fed.R.Civ.P. 4(i) (serving the United States and its agencies, corporations, officers, or employees).

Accordingly, IT IS ORDERED:

1.      Munene's claims for a hostile work environment and procedural due process regarding the MSPB's order are DISMISSED.

2.      Defendant DHS must (1) answer the following claims included in the Amended Complaint: the adverse action discrimination claim, the retaliation claim, and the procedural due process claim as discussed herein or (2) otherwise respond by appropriate motion within the time provided by the applicable  provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

3.      Munene's Request for Service of Defendant by U.S. Marshals (Doc. 8) is GRANTED.

4.      The Clerk of Court shall send Munene a service packet including the Amended Complaint, this Order, and both summons and request for waiver forms for Defendant Kristi Noem, Secretary, Department of Homeland Security.

5.      Munene must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Munene fails to comply with this Order.

6.      Munene shall include a copy of this Order with service of the Summons and Amended Complaint upon Defendant.  If Munene does not either obtain a waiver of service of the summons or complete service of the Summons, Complaint, and this Order on Defendant within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to any non-served Defendant.  Fed.R.Civ.P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

7.      The United States Marshal must retain the Summons, a copy of the Amended

Complaint, and a copy of this Order for future use.

8.     The United States Marshal must notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure and Rule 4(j)(2) of the Federal Rules of Civil Procedure and Rule 4.1(c) of the Arizona Rules of Civil Procedure. The notice to Defendant must include a copy of this Order. The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a) personally serve copies of the Summons, Second Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) and Rule 4(j)(2) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM–285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Amended Complaint, or this Order and for preparing new process receipt and return forms (USM–285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

9.     A Defendant who agrees to waive service of the Summons and Amended Complaint must return the signed waiver forms to the United States Marshal, not Munene.

10.     Defendant must answer the Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

11.     A clear, legible copy of every filed pleading or other filed document exceeding

ten pages in length, including exhibits and attachments, as well as documents specified in the ECF Policies and Procedure Manual § II.D.3., https://www.azd.uscourts.gov/sites/azd/files/adm%20manual.pdf (a paper courtesy copy of an electronically filed document must be submitted directly to the assigned judge for certain document types), SHALL BE PROVIDED for use by the District Judge to whom the case is assigned. *See also* L.R.Civ. 5.4. Failure to submit a required copy may result in the pleading or document being stricken without further notice to a party.

DATED this 15th day of August, 2025.

_____
Cindy K. Jorgenson
United States District Judge